IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>MARK TINCHER, an individual, and TINCHER CHEVROLET OLDSMOBILE 401(K) PLAN,<br><br>Defendants. | 8:14-CV-143<br><br><br>CONSENT JUDGMENT |

  Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.*, filed a complaint against Defendants Mark Tincher ("Tincher") and the Tincher Chevrolet Oldsmobile 40l(k) Plan (the "Plan"), alleging breaches of their fiduciary responsibilities under ERISA §§ 402(a) and (b)(4), 403(a), and 404(a)(l)(A), (B), and (D) with respect to the Plan. Defendants have waived service of process of the complaint and admit that this Court has jurisdiction over the parties and that this Court has jurisdiction of this action pursuant to ERISA § 502(e)(l), 29 U.S.C. § 1132(e)(l), and that venue lies with the United States District Court for the District of Nebraska pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

  A representative of the Employee Benefits Security Administration ("EBSA") has identified Grabel, Schneiders, Hollman & Co., PC, Certified Public Accountants located in Kirkwood, Missouri, to serve as an independent fiduciary of the Tincher Chevrolet Oldsmobile 40l(k) Plan. The parties have agreed to entry of this Consent Decree without contest. It appears that the Court has jurisdiction over the parties and subject matter of this action and that the Court is empowered to provide the following equitable relief, and that cause has been shown.

IT IS ORDERED:

1. Defendant Tincher is removed as fiduciary to the Plan.

2. Grabel, Schneiders, Hollman & Co., PC, Certified Public Accountants located in Kirkwood, Missouri, is hereby appointed as the Independent Fiduciary of the Plan, with plenary authority to verify and secure the Plan assets held by Principal Financial Group, to determine and verify participant records, to contact participants regarding distribution options, and to make final distributions of the Plan's assets to participants and beneficiaries, according to the terms of the Plan.

3. The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Consent Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled.

4. The independent fiduciary shall have full access to all data, information, and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets.

5. The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA § 412, 29 U.S.C. § 1112. The costs incurred by the independent fiduciary in obtaining such bonding shall by paid by the Plan.

6. Within 30 days of the distribution of all of the Plan's assets, the independent fiduciary shall provide the EBSA Regional Director with a report identifying the distributions made by the Plan since the independent fiduciary's appointment.

7. Grabel, Schneiders, Hollman & Co., PC is further granted the authority and duty to terminate the Plan.

8. The Plan shall pay Grabel, Schneiders, Hollman & Co., PC a fee of $1,500.00 to effectuate distribution of the Plan's assets and for the administration and termination of the Plan.

9. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

10. Each party shall bear his or its own attorney's fees, costs and other expenses incurred by such party to date in connection with any stage of the above-referenced proceeding including, but not limited to, attorney's fees, costs and other expenses which may be available under the Equal Access to Justice Act, as amended.

11. The parties to this Consent Judgment expressly waive any and all claims of any nature which each may have against the other, or any of their officers, agents, attorneys, employees or representatives, arising out of or in connection with the Plan, or based on the Equal Access to Justice Act, as amended.

12. This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the Consent Judgment.

13. The Court directs the entry of this Consent Judgment as a final order.

14. By signing their names to this Consent Judgment, the parties hereto represent that they are informed and understand the effect and purpose of this Consent Judgment.

15. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.

- 4 -

Dated this 2nd day of July, 2014.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge
